IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
05/20/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

EDWIN CAGUANA SAULA,                         )
                                             )
                    Petitioner,              )
                                             )
    v.                                       )    Case No. 26-3094-JWL
                                             )
MISTY MACKEY, Warden,                        )
    Midwest Regional Reception Center;       )
CHRISTOPHER CHAMBERLAIN,                     )
    Assistant Director, ICE Field Office;    )
TODD BLANCHE, Acting Attorney General; and   )
MARKWAYNE MULLIN, DHS Secretary,             )
                                             )
                    Respondents.             )
                                             )
_____    )

## MEMORANDUM AND ORDER

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials without a bond hearing. For the reasons set forth below, the Court **grants the petition in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **June 1, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies any request for other relief.

Petitioner is a native of Ecuador who entered the United States without authorization in 2015, and he has resided in the United States since that time. On June 18, 2025, immigration officials detained petitioner, and he is presently in custody in this judicial

district.  On July 11, 2025, an immigration judge conducted a hearing and denied petitioner's request for release on bond.  The immigration judge stated in his written order that petitioner had failed to show that his release would not pose a danger to the community; the judge did not elaborate in the written order, instead incorporating by reference his oral decision at the hearing, but respondents have not disputed petitioner's claim that bond was denied because of still-pending criminal charges against petitioner.  Nor have respondents disputed petitioner's claim that those criminal charges have since been dismissed.  On April 20, 2026, petitioner filed the instant habeas action, and the Court ordered expedited briefing; respondents have now filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2241(c)(3).  This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).  Respondents have not argued that this Court lacks jurisdiction to consider petitioner's claim.

Petitioner was not recently detained as an alien newly arriving in the United States; rather, he had been present in the United States for a period of years when he was detained. Petitioner argues that, for that reason, his detention does not fall within the scope of 8 U.S.C. § 1225(b)(2)(A), which mandates detention pending removal proceedings, and under which the Government purports to detain petitioner; but instead is governed by 8

U.S.C. § 1226(a), which provides for discretionary release on bond.  Petitioner thus claims

that his detention without any consideration of his release on bond violates these statutes.[1]

Respondents oppose the petition on procedural grounds.  Respondents do not argue

that petitioner's prior bond hearing precludes his present claim for another hearing, as they

acknowledge that applicable regulations permit a subsequent request for a bond

redetermination upon a showing of materially changed circumstances.  *See* 8 C.F.R. §

1003.19(e).  Respondents do not dispute petitioner's claim that circumstances have

changed since his prior bond hearing because his criminal charges – the basis for the

immigration judge's denial of release on bond – have now been dismissed.  Respondents

do argue, however, that because petitioner has not in fact submitted any request to the

immigration court for a new bond hearing, he has failed to exhaust administrative remedies

as required.

As a general rule, "exhaustion of available administrative remedies is a prerequisite

for § 2241 habeas relief," although a narrow exception may apply if the petitioner

demonstrates that exhaustion is futile.  *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir.

2010).  Petitioner argues that exhaustion by seeking a new bond hearing before an

immigration judge would be futile because, under existing Government policy, he is

deemed to be detained pursuant to Section 1225(b)(2)(A); and under precedent of the Board

of Immigration Appeals (BIA) (the *Hurtado* decision), immigration judges lack

---

[1]  Petitioner also claims that his detention without consideration of release on bond violates due process.  In light of the Court's conclusion that petitioner is entitled to bond consideration under the statues, it need not reach that issue.

jurisdiction to consider bond requests from such detainees. Respondents do not disagree that petitioner is presently detained pursuant to Section 1225(b)(2)(A), in accordance with existing policy, but they argue that exhaustion is not futile here because it is not certain that the BIA would refuse to allow a new bond hearing. The Court concludes, however, that petitioner has sufficiently established futility here. Respondents do not dispute that the policy is still being applied; nor do they dispute that the BIA continues to consider its ruling in *Hurtado* as binding precedent for immigration judges. Thus, petitioner has shown that a request for a new bond hearing would likely be rejected without consideration of the merits of that request. Accordingly, the Court declines to deny the petition on the basis of a failure to exhaust administrative remedies, and it thus turns to the merits of the petition.[2]

As noted above, respondents have not disputed that petitioner is presently being detained by the Government pursuant to Section 1225(b)(2)(A). In a recent case involving this same issue, this Court rejected the Government's interpretation of these statutes in favor of the interpretation adopted by the overwhelming majority of courts that have addressed the issue, and the Court ordered relief in the form of a bond hearing under Section 1226(a). *See Galdamez Orellana v. Welsh*, 2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.). Respondents have not argued that this case may be distinguished

---

[2] Respondents note that in *Aguilar Garcia v. Welsh*, 2026 WL 1024984 (D. Kan. Apr. 16, 2026) (Lungstrum, J.), this Court stated in an immigration habeas case that it would ordinarily require exhaustion. *See id.* at *1. The Court did not actually decide the exhaustion issue in that case, however, because the petition failed on its merits. *See id.* Moreover, *Aguilar Garcia* may be distinguished from the present case, as in that case the petitioner had failed to show that the BIA would refuse to entertain an appeal based on how a bond hearing had been conducted. *See id.*

in any material respect from *Galdamez Orellana*. Thus, for the same reasons set forth in the Court's opinion in *Galdamez Orellana*, *see id.* at \*1-3, the Court concludes in this case that the Government may not detain petitioner under Section 1225(b)(2)(A), and that it may therefore detain petitioner pending a final removal decision only under Section 1226(a), which allows for release on bond; and that the Government has therefore violated these statutes by refusing to allow for consideration of petitioner's release on bond under Section 1226(a).

With respect to the relief sought, petitioner has requested his release, although he has not directly addressed this Court's discussion in *Galdamez Orellana* concerning the appropriate relief for this violation. For the same reasons stated in that case, *see id.* at \*3-4, the Court concludes that the most appropriate remedy for this violation is to require that petitioner be granted a bond hearing as if detained under Section 1226(a), and the Court declines to grant any additional relief requested by petitioner. Accordingly, the Court orders respondents either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a), at which petitioner's suitability for release on bond is considered on its merits, on or before **June 1, 2026**.[3]

---

[3] Respondents have not argued or provided evidence that a hearing could not be conducted within that timeframe. Nor have respondents argued that an immigration judge could not conduct a bond hearing for petitioner on the merits. Although this Court lacks jurisdiction to review an immigration judge's denial of release on bond, *see Chen v. Dorneker*, 2021 WL 5769354, at \*2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)), it would not be precluded from reviewing an immigration judge's refusal to conduct a hearing based the *Yajure Hurtado* decision by the Board of Immigration Appeals.

Finally, the Court notes that petitioner has requested an award of attorney fees. Any such request should be made by future motion, after consultation with Government counsel, in accordance with applicable rules.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **June 1, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies petitioner's requests for other relief.

IT IS SO ORDERED.

Dated this 20th day of May, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

6